**LANDON LAW, APC**
Brad Jefferson Landon, Esq. (CA SBN: 176128)
        brad@landon.law
27555 Ynez Road, Suite 110
Temecula, California  92591
Telephone: (951) 677-7774
Facsimile: (951) 824-7566

Attorneys for Defendant DAVID HERNANDEZ

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BERGER, an individual, R. BERGER & ASSOCIATES INC., a California corporation, and KBCH CONSULTANTS INC., a California corporation,<br><br>        Plaintiffs,<br>    v.<br><br>DAVID HERNANDEZ, an individual, and DOES 1-10,<br><br>        Defendant. | Case No.: 2:25-cv-03133-CKD<br><br>**DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  October 28, 2025 |

Defendant DAVID HERNANDEZ ("Defendant"), by and through his undersigned counsel, on behalf of himself and for no other, hereby answers Plaintiffs KEVIN BERGER, R. BERGER & ASSOCIATES INC., and KBCH CONSULTANTS INC.'s

1

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

("Plaintiffs") Complaint and for each and every cause of action denies and alleges as follows:

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendant admits that Berger is a sophisticated businessman and is a CPA, including Defendant's CPA.

2. Answering paragraph 2 of the Complaint, Defendant admits that he and Berger have entered into businesses together, but denies the characterization of "successful" in that it has recently been discovered that Berger has been looting the businesses that he and Hernandez have co-owned together, unbeknownst to Hernandez.

3. Answering paragraph 3 of the Complaint, while Defendant admits that he travelled in 2023 for personal reasons, including a delayed honeymoon and other family-related trips, he denies Plaintiffs' characterizations and further denies, generally and specifically, the remaining allegations in Paragraph 3.

4. Answering paragraph 4 of the Complaint, Defendant admits that he took procedural actions to preserve company assets and ensure operational continuity for Colonize Media, Inc. ("CMI") after discovering systematic removals of his access and other irregularities by Berger and Berger associates Erin Bishop ("Bishop") and Jeremey Paulson ("Paulson"), among others. Defendant further admits that Berger and Hernandez are litigating multiple matters in Stanislaus County Superior Court (including Hernandez's Cross-Complaint against Berger, Bishop and Paulson, among others). However, Defendant denies, generally and specifically, the characterizations of both Hernandez's action and the Stanislaus County litigation and further denies the remaining allegations of paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 6.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

7.     Answering Paragraph 7 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 7.

8.     Answering Paragraph 8 of the Complaint, Defendant is without sufficient information and knowledge as to what a third-party may or not have told another third-party or whether the call even took place, and therefore is unable to admit or deny the allegations of Paragraph 8.

9.     Answering Paragraph 9 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 9.

10.    Answering Paragraph 10 of the Complaint, Defendant is without information and knowledge of whether Plaintiffs filed a Complaint with the FBI and is unable to admit or deny that allegation.  Defendant denies, generally and specifically, the remaining allegations in Paragraph 10 of the Complaint and specifically alleges that Plaintiffs brought this Complaint for an improper purpose.

11.    Answering Paragraph 11 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 11.

### THE PARTIES

12.    Answering paragraph 12 of the Complaint, Defendant admits that Berger is an individual and a resident of Stanislaus County, but is without sufficient information and knowledge to admit or deny the ownership status of RBA and KBCH, as alleged in paragraph 12.

13.    Answering paragraph 13 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the business operations of RBA, but is informed and believes that Plaintiffs' characterization of the business is incorrect and therefore denies this allegation on those grounds.  Defendant admits the remaining allegations of paragraph 13 of the Complaint.

14.    Answering paragraph 14 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the business operations of RBA, but is informed and believes that Plaintiffs' characterization of the business is incorrect and

3

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

therefore denies this allegation on those grounds.  Defendant admits the remaining allegations of paragraph 14 of the Complaint.

15.   Answering paragraph 15 of the Complaint, Defendant admits the allegations of paragraph 15.

16.   Answering paragraph 16 of the Complaint, Defendant denies, generally and specifically, the allegations of paragraph 16.

## JURISDICTION AND VENUE

17.   Answering paragraph 17 of the Complaint, Defendant admits that the Court has concurrent jurisdiction over this matter along with the Superior Courts of the State of California for the County of Stanislaus and further alleges that the Court should abstain from exercising jurisdiction over this matter based upon the principles of comity and judicial economy.

18.   Answering paragraph 18 of the Complaint, Defendant admits that the Court has concurrent jurisdiction over this matter along with the Superior Courts of the State of California for the County of Stanislaus and further alleges that the Court should abstain from exercising jurisdiction over this matter based upon the principles of comity and judicial economy.

19.   Answering paragraph 19 of the Complaint, Defendant admits that venue is proper in both this district and Stanislaus County but would be more convenient in Stanislaus County, where the majority of alleged witnesses reside.

## FACTUAL ALLEGATIONS

20.   Answering Paragraph 20 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 20.

21.   Answering Paragraph 21 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 21.

22.   Answering Paragraph 22 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 22.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

23.     Answering Paragraph 23 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 23.

24.     Answering Paragraph 24 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 24.

25.     Answering Paragraph 25 of the Complaint, Defendant admits that in his capacity as half owner and Chief Executive Officer of CMI, he downloaded some data from the Google Workspace Account in accordance with CMI's employee handbook and the CMI's Work-for-Hire agreements to preserve the data as he learned that Berger and his associates were rapidly deleting and "wiping" evidence of their misdeeds, but denies, generally and specifically, Plaintiffs' characterization and the remaining express and implied allegations of Paragraph 25.

26.     Answering Paragraph 26 of the Complaint, Defendant denies that he designated himself as the sole super administrator on CMI's Google Workspace Account and further denies that he terminated access for Berger and all employees and outside consultants. Defendant admits that CMI employees received notifications that the accounts permissions had been changed.  After Berger and Bishop repeatedly refused Hernandez's demands to review the corporate books and after discovering voluminous evidence of Berger and Bishop's self-dealing transactions and theft of corporate funds, Hernandez, in his capacity as CMI's CEO opened a new corporate operating account and redirected CMI's revenue streams to that account to prevent further theft from CMI's accounts.  Importantly, the Court appointed Receiver acknowledged that Hernandez did not take any money from this account.  Hernandez admits that he sent an email informing Berger and others of this necessary action and sought to implement a new procedure for invoice review to ensure that CMI's bills were timely and accurately paid.

27.     Answering Paragraph 27 of the Complaint, Defendant denies that he locked Berger and various CMI employees out of key computer systems, but admits that, as CMI's CEO, he redirected funds to an account away from Berger and Bishop so that they could not steal any more money from CMI.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

28.     Answering Paragraph 28 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 28, specifically that the Receiver and/or Hernandez had to return any access to all the CMI employees.  While Defendant admits that there is litigation between he and Berger in Stanislaus County Superior Court (more than just the case number cited in Paragraph 28) the bulk of the allegations are against Berger, Bishop, Paulson, Berger's related entities and their co-conspirators.

29.     Answering Paragraph 29 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 29.

30.     Answering Paragraph 30 of the Complaint, Defendant denies generally and specifically, the allegations of Paragraph 30.  Defendant further alleges that if Berger and his co-conspirators at one point removed Hernandez's access as CEO of CMI, it is a breach of Berger's fiduciary duty.

31.     Answering Paragraph 31 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 31 of the Complaint.

32.     Answering Paragraph 32 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 32 of the Complaint.  Any work completed to clean-up CMI's channels would have been done by david@colonizemedia.com and colonizemedia@gmail.com, but Defendant denies that any such work was a deletion in this sense used by Berger or that Defendant did not already have rightful access and a contractual and legal right to perform the clean-up work to keep CMI's channels profitable.

33.     Answering Paragraph 33 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 33.

34.     Answering Paragraph 34 of the Complaint, lacks sufficient knowledge to admit or deny the allegations in Paragraph 34.

35.     Answering Paragraph 35 of the Complaint, Defendant denies, generally and specifically, the allegations in Paragraph 35 of the Complaint.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

36.     Answering Paragraph 36 of the Complaint, Defendant admits that Stop Talking Music Ltd., formerly known as Colonize Media Europe Ltd., is registered in the Republic of Cyprus, and was entirely built using CMI funds and resources. Defendant further admits that he is entitled to partial ownership of this entity and is claiming the same in one of the Stanislaus County actions and he admits that Berger has stolen complete ownership of the company away from him.  While Defendant admits that he has no current access to Colonize Media Europe Ltd.'s dashboard, this is because Berger revoked his access during Berger's takeover of Colonize Media Europe Ltd.  Defendant further alleges that this dashboard was built by him and others during the course and scope of their work at CMI using CMI resources and the dashboard and code upon which it is built are CMI assets.

37.     Answering Paragraph 37 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 37.  With regard to the screenshot, Defendant specifically denies that this screenshot is what Plaintiffs contend it to be.  The screenshot reflects a login attempt to a CMI-owned web application, not to anyone's email account.

38.     Answering Paragraph 38 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 38 as he is unfamiliar with the screenshot.

39.     Answering Paragraph 39 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 39.

40.     Answering Paragraph 40 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 40.

41.     Answering Paragraph 41 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 41.

42.     Answering Paragraph 42 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 42.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

43.    Answering Paragraph 43 of the Complaint, Defendant is informed and believes that Berger is the Chief Executive Officer of RBA but lacks sufficient information and knowledge to admit or deny the remaining allegations of Paragraph 43.

44.    Answering Paragraph 44 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 44.

45.    Answering Paragraph 45 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 45.

46.    Answering Paragraph 46 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 46.

47.    Answering Paragraph 47 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 47.

48.    Answering Paragraph 48 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 48.

49.    Answering Paragraph 49 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 49.

50.    Answering Paragraph 50 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 50.

51.    Answering Paragraph 51 of the Complaint, Defendant denies, generally and specifically, "prior hacking attempts" but otherwise is without sufficient information and knowledge to admit or deny the allegations of Paragraph 51.

52.    Answering Paragraph 52 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 52.

53.    Answering Paragraph 53 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 53 and specifically denies that he "or his associates" had knowledge of the balance and was the one who made the alterations to the ledger.

54.    Answering Paragraph 54 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 54.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

55.     Answering Paragraph 55 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 55.

56.     Answering Paragraph 56 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 56.

57.     Answering Paragraph 57 of the Complaint, Defendant denies, generally and specifically, a "takeover of another company, Colonize Media, Inc. in 2024," but otherwise lacks sufficient information and knowledge to admit or deny the remaining allegations of paragraph 57.

58.     Answering Paragraph 58 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 58.

59.     Answering Paragraph 59 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 59.

60.     Answering Paragraph 60 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 60.

61.     Answering Paragraph 61 of the Complaint, lacks sufficient information and personal knowledge as to what he may have been given access, but is informed and believes that the allegations in Paragraph 61 are correct and admits the same in good faith based upon information and belief.

62.     Answering Paragraph 62 of the Complaint, Defendant lacks sufficient information and knowledge to admit or deny the allegations of Paragraph 62, but generally and specifically denies that Berger suffered any damage as alleged in the Complaint due to this answering Defendant's alleged acts or omissions.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**(Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.)**

63.     Answering Paragraph 63 of the Complaint, Defendant refers to and incorporates by this reference his responses to all preceding Paragraphs as though set forth in full herein.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

64.     Answering Paragraph 64 of the Complaint, Defendant is without sufficient information and knowledge to admit or deny the allegations of Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 65.

66.     Answering Paragraph 66 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 66.

67.     Answering Paragraph 67 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 67.

68.     Answering Paragraph 68 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 68.

## SECOND CLAIM FOR RELIEF

**(Violation of Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502, et seq.)**

69.     Answering Paragraph 69 of the Complaint, Defendant refers to and incorporates by this reference his responses to all preceding Paragraphs as though set forth in full herein.

70.     Answering Paragraph 70 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 70.

71.     Answering Paragraph 71 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 71.

72.     Answering Paragraph 72 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 72.

73.     Answering Paragraph 73 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 73.

74.     Answering Paragraph 74 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 74.

75.     Answering Paragraph 75 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 75.

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

76.    Answering Paragraph 76 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 76.

77.    Answering Paragraph 77 of the Complaint, Defendant denies, generally and specifically, the allegations of Paragraph 77.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Abstention)

1.    As a first separate and distinct affirmative defense to the Complaint, Defendant alleges that this matter is duplicative of proceedings (*Kevin Berger v. David Hernandez, et al*, Stanislaus County Superior Court Case No. CV-24-004371 ("*Berger I*") and *David Hernandez v. Kevin Berger, et al*, Stanislaus County Superior Court Case No. CV-25-005628 ("*Berger II*") between the parties that are currently and have been in litigation in California state court for more than a year and this Court should abstain from exercising jurisdiction over this case in accordance with the *Colorado River* doctrine.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

2.    As a second separate and distinct affirmative defense, Defendant alleges the Complaint fails to allege facts sufficient to constitute a valid claim or cause of action upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.    As a third separate and distinct affirmative defense, Defendant alleges all or some of Plaintiffs' claims are barred by the applicable statute of limitations, including but not limited to, those identified in the United States Code, including 18 U.S.C. § 1030, the California Government Code, the California Civil Code, the California Penal Code,

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

including under California Penal Code § 502, the California Business and Professions Code, the California Code of Civil Procedure and federal and state case law.

## FOURTH AFFIRMATIVE DEFENSE

## (Laches)

4.    As a fourth separate and affirmative defense, Defendant alleges Plaintiffs made an unreasonable and inexcusable delay in asserting a right or claim against Defendant, which has prejudiced Defendant in addressing and defending against such claims.

## FIFTH AFFIRMATIVE DEFENSE

## (Waiver)

5.    As a fifth separate and distinct affirmative defense, Defendant alleges the Complaint, and each of Plaintiffs' claims therein, are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

## (Pre-emption)

6.    As a sixth separate and distinct affirmative defense, Defendant alleges federal law preempts some or all of Plaintiffs' claims asserted under state law.

## SEVENTH AFFIRMATIVE DEFENSE

## (Speculative Damages)

7.    As a seventh separate and distinct affirmative defense, Defendant alleges Plaintiffs are not entitled to any recovery from Defendant because the alleged damages, if any, are too speculative.

## EIGHTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate Damages)

8.    As an eighth separate and distinct affirmative defense, Defendant alleges that Plaintiffs are not entitled to some or all of their claimed damages to the extent that Plaintiffs failed to mitigate any alleged damages, losses or other costs and fees.

//

12

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Set-Off)

9.    As a ninth separate and distinct affirmative defense, Defendant alleges he is entitled to a set-off of any benefits Plaintiffs receives or has received from any other source for losses or damages alleged, as well as a set-off from any and all damage awards and judgments Defendant obtains against Plaintiff Berger, against any award of damages to Plaintiffs in this action.

## TENTH AFFIRMATIVE DEFENSE

### (No Liability for the Acts of Others)

10.    As a tenth separate and distinct affirmative defense, Defendant alleges he is not liable for the acts of other parties, both named and unnamed, in their alleged conduct with Plaintiffs, because Defendant exercised no control over said third parties, nor do they have a relationship with said other named and unnamed parties allowing for control or influence of their conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.    As an eleventh separate and distinct affirmative defense, Defendant alleges Plaintiffs' causes of action are barred by reason of acts, omissions, representations and courses of conduct by Plaintiffs, by which Defendant was led to rely upon to his detriment, thereby barring each and every cause of action under the Doctrine of Estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

12.    As a twelfth separate and distinct affirmative defense, Defendant alleges Plaintiffs' damages, if any, were not a result of or caused by any acts or omissions of Defendant or their agents or employees, and therefore, Plaintiffs are barred from asserting any cause of action against Defendant.

//

13

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

## (No Injury in Fact – Lack of Article III and Other Standing)

13.    As a thirteenth separate and distinct affirmative defense, Defendant asserts that both causes of action pleaded in the Complaint require actual damage in sufficient form and amounts. In this case, Plaintiffs' claimed damages are anticipatory in nature, have not occurred and no damage has been sustained. If any such damage has occurred, it is below the statutory threshold for the claims sought as to each individual Plaintiff. Therefore, Plaintiffs have not suffered an injury-in-fact and lack Article III standing to bring the causes of action asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Third Parties)

14.    As a fourteenth separate and distinct affirmative defense, Defendant alleges that if Plaintiffs sustained losses and/or damages as alleged in the Complaint, which is denied, such damages were proximately caused by third parties for whom Defendant is not responsible, and any damages otherwise awarded against Defendant should be reduced in proportion thereto, if not apportioned completely to said third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

15.    As a fifteenth separate and distinct affirmative defense, Defendant is informed and believe, and based thereon alleges, that at all times relevant to this action and the Complaint, Plaintiffs and/or Plaintiffs' associates or agents, were guilty of unreasonable and unconscionable conduct which was intimately connected with the facts giving rise to the claims Plaintiffs now seek to bring, specifically, Plaintiffs' breaches of fiduciary duty, their own violations of the Computer Fraud and Abuse Act and California Penal Code section 502 and their theft of money. Accordingly, and by virtue of the doctrine of unclean hands, Plaintiffs are barred from asserting any of the claims alleged in the Complaint.

14

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Abuse of Process)

16.    As a sixteenth separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that this action constitutes an abuse of process, filed not for legitimate redress of grievances but to interfere with and prejudice Defendant's rights in related litigation.  This action is without merit, based upon a baseless propensity inference, speculation and inadmissible hearsay.  The only purpose for which this action could have been filed is for the improper goal of applying pressure on Defendant to settle his numerous claims against Berger.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damage or Loss Under CFAA)

17.    As a seventeenth separate and distinct affirmative defense, Defendant is informed and believes that Plaintiffs, and each of them, have not suffered the requisite "damage or loss" as that phrase is defined under the Computer Fraud and Abuse Act ("CFAA").  Therefore, each Plaintiff's claim fails as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Right of Private Action Under Cal. Pen. Code § 502)

18.    As an eighteenth separate and distinct affirmative defense, Defendant is informed and believes that Plaintiffs, and each of them, have not suffered the requisite "damage or loss" as that phrase used under California Penal Code section 502 and decisional authority falling thereunder.   Therefore, Plaintiffs have no right of private action and their cause of action against Defendant for violation of this statute fails as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses – Reservation of Rights)

19.    As a nineteenth separate and distinct affirmative defense, Defendant alleges they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendant

15

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That judgment be entered in favor of Defendant;

3. That Defendant be awarded costs of suit incurred herein;

4. That Defendant be awarded reasonable attorney's fees as permitted by law; and

5. For such other and further relief as the Court deems just and proper.

Dated: December 8, 2025          LANDON & RAINWATER LLP


                                                    By: /s/ Brad J. Landon, Esq.
                                                        Brad J. Landon, Esq.

                                                        Attorneys for Defendant
                                                        DAVID HERNANDEZ


### JURY DEMAND

Defendant David Hernandez hereby requests a trial by jury on all issues so triable.

Dated: December 8, 2025          LANDON LAW, APC


                                                    By: /s/ Brad J. Landon, Esq.
                                                        Brad J. Landon, Esq.

                                                        Attorneys for Defendant
                                                        DAVID HERNANDEZ

16

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT

17

DEFENDANT DAVID HERNANDEZ'S ANSWER TO PLAINTIFFS' COMPLAINT